# SUPERIOR COURT

CANADA
PROVINCE OF QUÉBEC
DISTRICT OF    MONTRÉAL

No:    500-11-038398-109

DATE:   February 12, 2010

_____

BY:    THE HONOURABLE MARTIN CASTONGUAY, J.S.C.

_____

IN THE MATTER OF A PROPOSED ARRANGEMENT BY:

**MEGA BRANDS INC.**

AND

**4541162 CANADA INC.**

AND

**4541171 CANADA INC.**

AND

**4402596 CANADA INC.**

AND

**4402804 CANADA INC.**

AND

**MEGA BLOKS FINANCIAL SERVICES INC.**

   Applicants
AND

**THE IMPLEADED PARTIES**

**AND**

**THE DIRECTOR UNDER THE CBCA**

   Mis-en-cause

---

ORDER

---

**CONSIDERING** the Applicants' Application for Interim and Final Orders with respect to an Arrangement (the "**Application**") and the Affidavit filed in support thereof;

**CONSIDERING** the representations made by Counsel for the Applicants, the Impleaded Parties, Bank of Montreal and GE Canada Finance Holding Company;

**FOR THESE REASONS, THE COURT:**

[1]   **GRANTS** the Application for Interim Order with respect to an Arrangement (the "**Application**").

[2]   **DISPENSES** the Applicants from serving the Application, except to the Director (the "**Director**") under the *Canada Business Corporations Act*, R.S.C., 1985, c. C-44 (the "**CBCA**").

[3]   **DECLARES** that, as used in the order to be rendered herein, unless otherwise defined, terms beginning with capital letters have the respective meanings set forth in the Application.

**(A)  ON THE APPLICATION FOR AN INTERIM ORDER (the "Interim Order")**

**MEETINGS**

[4]   **ORDERS** that the Applicants shall be permitted to call, hold and conduct (i) a meeting of the Shareholders (the "**Shareholders' Meeting**") at 10:00 a.m. on March 16, 2010 and (ii) a meeting of Lenders (the "**Lenders' Meeting**") at 9:30 a.m. (Montréal time) on March 16, 2010, at Hôtel Omni Mont-Royal, Salon Printemps, 1050 rue Sherbrooke Ouest, Montréal, Québec, H3A 2R6. At the Shareholders' Meeting and the Lenders' Meeting (collectively, the "**Meetings**"), the Shareholders and the Lenders (collectively, the "**Voting Parties**" and together with the holders of Convertible Debentures, the "**Affected Parties**")) shall be asked, among other things,

to consider and, if deemed advisable, to pass, with or without variation, the Shareholders' Arrangement Resolution and the Lenders' Arrangement Resolution respectively, copies of which are attached as Appendix A and Appendix B to the Circular (collectively, the "**Resolutions**") authorizing, approving and agreeing to the Arrangement and Plan of Arrangement.

## THE RECORD DATE

[5]   **ORDERS** that the record date (the "**Record Date**") for entitlement to notice of the Meetings and for entitlement to vote at the Meetings shall be February 17, 2010.

[6]   **ORDERS** that the Chair of each of the Meetings shall be determined by MEGA Brands Inc. ("**MEGA Brands**"). The quorum required for the Lenders' Meeting shall be satisfied if two or more Lenders entitled to vote are present, in person or by proxy at the Lenders' Meeting. The quorum required for the Shareholders' Meeting shall be satisfied if the holders of 25% of Common Shares entitled to vote at the Shareholders' Meeting are present in person or represented by proxy, provided a quorum shall not be less than two persons.

[7]   **ORDERS** that the Meetings shall be called, held and conducted in accordance with the Shareholders' Notice and the Lenders' Notice (the "**Notices**") forming part of the Circular, with the CBCA, the articles and by-laws of MEGA Brands and the terms of the Interim Order and any further Order of this Court.

## PERMITTED ATTENDEES

[8]   **ORDERS** that the only persons entitled to attend the Meetings shall be:

(a)   the Registered Shareholders and the Registered Lenders as of the Record Date or their respective proxy holders, financial and legal advisors.

(b)   the officers, directors, counsel, auditors and financial and other advisors of the Applicants;

(c)   in the case of the Lenders' Meeting, the Agent under the Credit Agreement (the "Agent");

(d)   the Director; and

(e)   other persons who may receive the permission of the Chair of the Meetings.

[9]   **ORDERS** that at the Meetings, the Applicants may also transact such other business as is contemplated by the Circular or as otherwise may be properly brought before the Meetings.

## AMENDMENTS TO THE ARRANGEMENT AND PLAN OF ARRANGEMENT

[10] **ORDERS** that the Applicants are authorized to make, subject to the terms of the Arrangement Agreement and the Plan of Arrangement, such amendments, revisions and/or supplements to the Arrangement and to the Plan of Arrangement as they may

determine and the Arrangement and the Plan of Arrangement, as so amended, revised and/or supplemented, shall be the Arrangement and the Plan of Arrangement to be submitted to the Voting Parties at the Meetings and shall be the subject of the Resolutions, in accordance with Conclusion 18 below.

## ADJOURNMENTS AND POSTPONEMENTS

[11] **ORDERS** that the Applicants, if they deem advisable, are specifically authorized to adjourn or postpone the Meetings on one or more occasions, without the necessity of first convening the Meetings or first obtaining any vote of Shareholders or Lenders, as applicable, respecting the adjournment or postponement and without the need for approval of the Court. Notice of any such adjournments or postponements shall be given by such method as the Applicants may determine is appropriate in the circumstances.

## NOTICE OF THE MEETINGS

[12] **ORDERS** that the Applicants shall give notice of the Meetings, substantially in the form of the Notices, subject to their ability to change the final form thereof.

## SOLICITATION OF PROXIES

[13] **ORDERS** that the Applicants are authorized to use proxies at the Meetings, either substantially in the form accompanying the draft Circular or in such other form as the Applicants may determine to be reasonable in the circumstances. The Applicants are authorized, at their expense, to solicit proxies, directly and through their officers, directors and employees, and through such agents or representatives as they may retain for that purpose, and by mail or such other forms of personal or electronic communication as they may determine.

[14] **ORDERS** that any proxy to be used at the Meetings must be received by courier, fax or mail, by MEGA Brands' transfer agent, CIBC Mellon Trust Company, prior to 5:00 p.m. (Montréal time) on March 15, 2010. Notwithstanding the foregoing, the Applicants may waive, but have no obligation to do so, the time limit for the deposit of proxies by Voting Parties if the Applicants deem it advisable to do so.

[15] **ORDERS** that Voting Parties will be entitled to revoke a proxy given at any time prior to the exercise thereof at the Meetings by:

(a)   depositing, with CIBC Mellon Trust Company, an instrument in writing executed by such Voting Party or by an attorney authorized in writing, or, if the Voting Party is a corporation, by a duly authorized officer or attorney thereof, at any time up to and including the last Business Day preceding the Meetings, or with the Secretary of the applicable Meeting on the day of such Meeting, or

(b)   in any other manner permitted by law.

## DISTRIBUTION OF MEETING MATERIALS

[16] **ORDERS** that the Applicants are hereby authorized to distribute the Application, the Interim Order, the Circular, the Notices, the forms of proxy and any other communications or documents determined by the Applicants to be necessary or desirable (collectively, the "**Meeting Materials**" which term shall include any amendments, revisions or supplements to such documents made in accordance with paragraph 18 hereof), as applicable, to : (i) Registered Shareholders and Registered Lenders entitled to vote as of the Record Date, (ii) the directors of the Applicants, (iii) the auditors of MEGA Brands, (iv) the Agent and (v), the Director, by pre-paid ordinary mail, by delivery, in person or by fax or courier, not later than twenty-one (21) days prior to the date established for the Meetings in the Notices. Distribution to such persons shall be to their addresses as they appear on the books and records of the Applicants or as at the Record Date.

[17] **ORDERS** that, in the case of non-registered Shareholders, the Applicants are to distribute the Meeting Materials to intermediaries and registered nominees for sending to both non-objecting beneficial owners and objecting beneficial owners in accordance with National Instrument 54-101 – *Communications with Beneficial Owners of Securities of a Reporting Issuer* of the Canadian Securities Administrators at least three Business Days prior to the twenty-first (21st) day prior to the date of the Shareholders' Meeting.

[18] **ORDERS** that the Applicants are hereby authorized to make such amendments, revisions or supplements ("**Additional Information**") to the Meeting Materials as the Applicants may determine in accordance with the Plan of Arrangement, and the Applicants shall distribute such Additional Information by such method as the Applicants may determine is appropriate in the circumstances.

[19] **ORDERS** that distribution of the Meeting Materials as well as any Additional Information, pursuant to paragraphs 16, 17 and 18 of the Interim Order, shall constitute good and sufficient service and notice thereof upon all such persons of the Meetings and the within Application. Further, no other form of service of the Meeting Materials or any Additional Information or any portion thereof need be made, or notice given or other material served in respect of these proceedings and/or the Meetings to the persons described in paragraphs 16, 17 and 18 of the Interim Order or to any other persons.

[20] **ORDERS** that a failure or omission to distribute the Meeting Materials and/or any Additional Information in accordance with paragraphs 16, 17 and 18 of the Interim Order as a result of mistake or of events beyond the control of the Applicants shall not constitute a breach of the Interim Order or a defect in the calling of the Meetings and shall not invalidate any resolution passed or proceedings taken at the Meetings, but if any such failure or omission is brought to the attention of the Applicants, then the Applicants shall use commercially reasonable efforts to rectify it by the method and in the time most reasonably practicable in the circumstances.

## VOTING

[21] **ORDERS** that the only persons entitled to vote in person or by proxy on the Resolutions or such other business as may be properly brought before the Meetings shall be the Voting Parties as at the close of business on the Record Date.

[22] **ORDERS** that the Shareholders' Arrangement Resolution shall be considered to be approved at the Shareholders' Meeting by the affirmative vote of not less than (i) two thirds of the votes cast by holders of Common Shares who are entitled to vote at the Shareholders' Meeting and (ii) a majority of the votes cast by holders of Common Shares other than Common Shares that are beneficially owned, or over which control or direction is exercised, by MEGA Brands, or any interested party (as defined in MI-61-101) (including, without limitation, Fairfax Financial Holdings Limited, Invesco Trimark Limited, Victor Bertrand Sr., Marc Bertrand and Vic Bertrand), a related party of an interested party, or a joint actor with any such persons in respect of the transaction, in respect of the Shareholders' Arrangement Resolution, voting together as a single class, present in person or represented by proxy and who are entitled to vote at the Shareholders' Meeting. Such vote shall be sufficient to authorize and direct the Applicants to do all such acts and things as may be necessary or desirable to give effect to the Arrangement and the Plan of Arrangement on a basis consistent with what is provided for in the Circular without the necessity of any further approval by the Shareholders, subject only to final approval of the Arrangement by the Court.

[23] **ORDERS** that in respect of the vote on the Shareholders' Arrangement Resolution and any other matters properly brought before the Meetings, each Shareholder is entitled to one vote per Common Share. Illegible votes, spoiled votes, defective votes and abstentions shall be deemed not to be votes cast. Proxies that are properly signed and dated but which do not contain voting instructions shall be voted in favour of the Shareholders' Arrangement Resolution.

[24] **ORDERS** that, subject to further order of the Court, the Lenders' Arrangement Resolution shall be considered to be approved at the Lenders' Meeting by the affirmative vote of not less than two-thirds of the votes cast in respect of the Lenders' Arrangement Resolution by the Lenders, voting together as a single class, present in person or represented by proxy and who are entitled to vote at the Lenders' Meeting. Such vote shall be sufficient to authorize and direct the Applicants to do all such acts and things as may be necessary or desirable to give effect to the Arrangement and the Plan of Arrangement on a basis consistent with what is provided for in the Circular without the necessity of any further approval by the Lenders, subject only to final approval of the Plan of Arrangement by the Court.

[25] **ORDERS** that in respect of the vote on the Lenders' Arrangement Resolution and any other matters properly brought before the Meetings, each Lender is entitled to one vote for each US $1.00 principal amount of Secured Debt as at the Record Date. Illegible votes, spoiled votes, defective votes and abstentions shall be deemed not to be votes cast. Proxies that are properly signed and dated but which do not contain voting instructions shall be voted in favour of the Lenders' Arrangement Resolution.

[26] **ORDERS** that the Applicants be and are hereby permitted to pass unanimous directors' resolutions to approve the Arrangement and the Recapitalization Transaction in lieu of calling, holding and conducting a special meeting for the purposes thereof.

## DISSENT RIGHTS

[27] **ORDERS** that there shall be no right of dissent in respect of the Shareholders' Arrangement Resolution in accordance with the Plan of Arrangement and the provisions of Section 192 of the CBCA.

## HEARING OF APPLICATION FOR APPROVAL OF THE ARRANGEMENT

[28] **ORDERS** that, following the holding of the Meetings and the delivery of the directors' resolutions pursuant to paragraph 26 hereof, the Applicants shall be permitted to apply to this Court for final approval of the Arrangement pursuant to this Notice of Application on March 22, 2010.

[29] **ORDERS** that the only persons entitled to appear and to be heard at the hearing on the Application for a final order shall be the Applicants, the Impleaded Parties the Director, the holders of Convertible Debentures, the Lenders and their co-Agents and any person that :

a)    files an Appearance with the Clerk of the Superior Court of Québec, 1 Notre-Dame Street East, Montréal, Québec, H2Y 1B6, Commercial Division, judicial district of Montréal and serves same on the Applicants' counsel, Osler Hoskin & Harcourt LLP (Attention: George R. Hendy and Martin Desrosiers, 1000 De la Gauchetière West, 21st floor, Montréal, Québec, H3B 4W5), no later than five (5) Business Days before the date of the Meetings; or

b)    if such Appearance is filed with a view to contest such application or to make representations in relation thereto, files a written contestation or written representations, as the case may be, supported, as to the facts, by affidavit(s) and exhibit(s), if any, with the aforementioned Clerk of the Superior Court of Québec, 1 Notre-Dame Street East, Montréal, Québec, H2Y 1B6, Commercial Division, judicial district of Montréal and serves same on the Applicants' counsel, Osler Hoskin & Harcourt LLP (Attention: George R. Hendy and Martin Desrosiers, 1000 De la Gauchetière West, 21st floor, Montréal, Québec, H3B 4W5), no later than three (3) Business Days before the Meetings,

failing which no contestation of the application for Final Order shall be permitted, unless authorized by the Court.

## STAY OF PROCEEDINGS

[30] **ORDERS** that from 12:01 AM (Montréal time) on the date of the Interim Order until and including March 22, 2010, at 7:00 PM, or such later date as the Court may order (the "**Stay Termination Date**", the period from the date of the Interim Order to

the Stay Termination Date being referred to as the "**Stay Period**"), no right, legal or conventional, may be exercised and no proceeding, at law or under a contract, by reason of or as a result of the MEGA Brands Parties having made an application to this Court pursuant to section 192 of the CBCA, the MEGA Brands Parties being a party to this proceeding or any ancillary proceedings, the Recapitalization Transaction or the Arrangement or any of the steps, transactions or proceedings contemplated thereby or relating thereto, however and wherever taken, may be commenced or proceeded with by any person against or in respect of any of the Applicants or Impleaded Parties (collectively the "**MEGA Brands Parties**"), or any of the present or future property, assets, rights and undertakings of the MEGA Brands Parties, of any nature and in any location, whether held directly or indirectly by the MEGA Brands Parties, in any capacity whatsoever, or held by others for the MEGA Brands Parties (collectively, the "**Property**").

[31] **ORDERS** that nothing in the Interim Order shall be deemed to stay or restrain any rights or proceedings relating to an eligible financial contract (as such term is defined in the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36 as amended).

## PROCEDURAL

[32] **ORDERS** that any Notice of Appearance served in response to the Notice of Application shall be served on counsel for the Applicants at the following address: Osler Hoskin & Harcourt LLP (Attention: George R. Hendy and Martin Desrosiers, 1000 De la Gauchetière West, 21st floor, Montréal, Québec, H3B 4W5.

[33] **ORDERS** that any materials to be filed by the Applicants in support of the Application for final approval of the Arrangement may be filed up to one day prior to the hearing of such Application without further order of this Court.

[34] **ORDERS** that, in the event of any inconsistency or discrepancy between the Interim Order and the terms of any instrument creating, governing or collateral to the Credit Agreement, the Swap Agreements, the Indenture, the Convertible Debentures and any guarantees or security or other agreements (other than the Lock Up Agreements) related to any of the foregoing or the articles or by-laws of any of the MEGA Brands Parties, the Interim Order shall govern.

[35] **DECLARES** that the Interim Order shall have full force and effect in all other provinces and territories of Canada and shall be enforced in the courts of each of the other provinces and territories of Canada in the same manner in all respects as if the Interim Order had been made by the court enforcing it.

[36] **ORDERS** that this Court respectfully seeks and requests the aid and recognition of any court or any judicial, regulatory or administrative body constituted pursuant to the Parliament of Canada or the legislature of any province and any court or any judicial, regulatory or administrative body of the United States of America or elsewhere to act in aid of and to assist this Court in carrying out the terms of any order

rendered by this Court in connection with these proceedings, including that Peter Ferrante is authorized, as necessary, to act as a representative of any of the MEGA Brands Parties or their affiliates in connection therewith.

[37] **ORDERS** that the Applicants shall be entitled to seek leave to vary the Interim Order upon such terms and upon the giving of such notice as this Court may direct.

[38] **ORDERS** that in the event the Application for final order does not proceed on the date set forth in the Interim Order, and is adjourned, only those persons set out in paragraph 29 shall be entitled to be given notice of the adjourned date.

[39] **ORDERS** that any interested person may apply to this Court to vary or rescind the Interim Order or seek other relief within one week of the mailing of the Meeting Materials pursuant to paragraph 16, 17 and 18 of the Interim Order and, upon giving three Business Days notice to the Applicants' counsel, as identified in paragraph 29 of the Interim Order.

[40] **ORDERS** provisional execution of the Interim Order notwithstanding appeal and without the necessity of furnishing any security.

## CONFIDENTIALITY

[41] **ORDERS** that Exhibit P-1 be placed under seal in the records of the Superior Court of Québec and that it not be disclosed published or disseminated, directly or indirectly, until the Meeting Materials are distributed, as provided for above.

[42] **ORDERS** the Office of the Superior Court of Québec to deny access to Exhibit P-1 to the public.

**THE WHOLE WITHOUT COSTS.**

Martin Castonguay, J.S.C.

COPIE CONFORME

greffier adjoint