IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 15 |
| ) | |
| MEGA BRANDS INC., *et al.*,[1] ) | Case No. 10-[ 10485 ] (___) |
| ) | |
| Debtors. ) | (Joint Administration Requested) |
| ) | |

**DECLARATION OF PETER FERRANTE PURSUANT TO 11 U.S.C. § 1515 AND RULE 1007(a)(4) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

I, Peter Ferrante, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America, as follows:

1. I am over the age of 18 and, if called upon, could testify to all matters set forth in this declaration based upon my own personal knowledge except for those portions specified as being otherwise. I am making this declaration in accordance with Bankruptcy Code § 1515 and Bankruptcy Rule 1007(a)(4).[2]

2. I am the Vice President and Chief Financial Officer of Mega Brands Inc., a Canadian corporation organized under the Canada Business Corporations Act and the parent corporation of the Chapter 15 Debtors. I work and reside in Montréal, Canada. In addition, I serve on the Board of Directors for, or as an Officer of, each of the Chapter 15 Debtors. As such,

---

[1] The Chapter 15 Debtors, along with the last four digits of each U.S. Debtor's federal tax identification number, are: Mega Brands Inc. (a non-U.S. Debtor that does not maintain a U.S. federal tax identification number); 4402596 Canada Inc. (a non-U.S. Debtor that does not maintain a U.S. federal tax identification number); 4402804 Canada Inc. (a non-U.S. Debtor that does not maintain a U.S. federal tax identification number); MB Finance LLC (7565); MB US Inc. (7561); MB2 LP (7567); Mega Bloks Financial Services, Inc. (a non-U.S. Debtor that does not maintain a U.S. federal tax identification number); Mega Brands America, Inc. (2083); Rose Moon, Inc. (1445); and Warren Industries, Inc. (4985). The location of the Debtors' corporate headquarters and the service address for all of the Debtors is: 4505 Hickmore, St-Laurent, Québec, H4T 1K4.

[2] Unless otherwise defined in this Declaration, all capitalized terms used but not otherwise defined herein shall have the meanings set forth in the *Petition for Recognition and Chapter 15 Relief*, filed concurrently herewith.

I am generally familiar with the Chapter 15 Debtors' day to-day operations, business affairs, and books and records in the United States.

3. On February 12, 2010, Mega Brands filed the Canadian Proceeding in the Canadian Court to obtain protection from its creditors while the Company completes its restructuring. Upon commencement of the Canadian Proceeding, the Canadian Court entered an order commencing the corporate restructuring of the Chapter 15 Debtors and appointing Peter Ferrante as the Foreign Representative as defined in Bankruptcy Code § 101(24). The Canadian Court also certified the Foreign Representative's request for authority to file the petitions for recognition of the Canadian Proceeding under chapter 15 of the Bankruptcy Code.

4. On the Petition Date, the Chapter 15 Debtors filed chapter 15 petitions pursuant to § § 1504 and 1515 commencing these Chapter 15 Cases, seeking: (a) recognition of his status as the Chapter 15 Debtors' foreign representative, as defined in § 101(24) of the Bankruptcy Code; (b) recognition of the Canadian Proceeding as a "foreign main proceeding" pursuant to Bankruptcy Code § § 1515, 1517, and 1520 with respect to the Canadian Chapter 15 Debtors; (c) recognition of the Canadian Proceeding as a "foreign nonmain proceeding" pursuant to Bankruptcy Code § § 1515, 1517, and 1521 with respect to the U.S. Chapter 15 Debtors; and (d) recognition of the order approving the CBCA plan of arrangement pursuant to § 1521.

5. The Chapter 15 Debtors are affiliates of each other and each of their chapter 15 petitions have been filed in this Court. Accordingly, I believe that joint administration of the Chapter 15 Cases for procedural purposes only will be an administrative convenience for this Court, the court clerk's office and parties in interest.

**I. Statement Pursuant to Section 1515 of the Bankruptcy Code**

6. I am informed that § 1515 of the Bankruptcy Code provides as follows:

(a) A foreign representative applies to the court for recognition of a foreign proceeding in which the foreign representative has been appointed by filing a petition for recognition.

(b) A petition for recognition shall be accompanied by--

(1) a certified copy of the decision commencing such foreign proceeding and appointing the foreign representative;

(2) a certificate from the foreign court affirming the existence of such foreign proceeding and of the appointment of the foreign representative; or

(3) in the absence of evidence referred to in paragraphs (1) and (2), any other evidence acceptable to the court of the existence of such foreign proceeding and of the appointment of the foreign representative.

(c) A petition for recognition shall also be accompanied by a statement identifying all foreign proceedings with respect to the debtor that are known to the foreign representative.

(d) The documents referred to in paragraphs (1) and (2) of subsection (b) shall be translated into English. The court may require a translation into English of additional documents.

11 U.S.C. § 1515.

7. Pursuant to Bankruptcy Code §§ 1515(b) and (d), a copy of the interim order commencing the Canadian Proceeding and appointing the Foreign Representative is attached as **Exhibit C** to the *Petition for Recognition and Chapter 15 Relief* filed contemporaneously herewith.

8. Pursuant to Bankruptcy Code § 1515(c), I am aware of the definition of "foreign proceedings" under §101(23) and I believe the Canadian Proceeding is a "foreign proceeding" as defined therein. I am aware of no other foreign proceedings with respect to the Debtors.

**II.  Disclosure Pursuant to Bankruptcy Rule 1007(a)(4)**

9. I am informed that Bankruptcy Rule 1007(a)(4) provides, as follows:

> In addition to the documents required under § 1515 of the Code, a foreign representative filing a petition for recognition under chapter 15 shall file with the petition: (A) a corporate ownership

3

> statement containing the information described in Rule 7007.1; and (B) unless the court orders otherwise, a list containing the names and addresses of all persons or bodies authorized to administer foreign proceedings of the debtor, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and all entities against whom provisional relief is being sought under § 1519 of the Code.

Fed. R. Bankr. P. 1007(a)(4).

10. I am further informed that Bankruptcy Rule 7007.1 provides that:

> Any corporation . . . shall file two copies of a statement that identifies any corporation, other than a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under this subdivision.

Fed. R. Bankr. P. 7007.1(a).

### (i) Corporate Ownership Statement

11. In compliance with the requirements of Bankruptcy Rule 1007(a)(4)(A), the following is a corporate ownership statement of the Chapter 15 Debtors, which identifies any corporation that directly or indirectly owns 10% or more of any class of the Chapter 15 Debtors' equity interests:

> Mega Brands Inc. directly or indirectly owns 100% of 4402596 Canada Inc.; 4402804 Canada Inc.; MB Finance LLC; MB US Inc.; MB2 LP; Mega Bloks Financial Services, Inc.; Mega Brands America, Inc.; Rose Moon, Inc.; and Warren Industries, Inc.

12. In compliance with the requirements of Bankruptcy Rule 1007(a)(4)(B), the following is a list containing the names and addresses of all persons or bodies authorized to administer the Canadian Proceeding:

> Peter Ferrante

I am aware of no other persons or bodies authorized to administer the Canadian Proceeding.

### (ii) Litigation Parties in the United States

13. In compliance with the requirements of Bankruptcy Rule 1007(a)(4)(B), a list of all parties to litigation pending in the United States in which MEGA Brands is a party as of the commencement of these Chapter 15 Cases is attached hereto as **Exhibit A**.[3]

### (iii) Entities Against Whom Provisional Relief Is Sought Under Section 1519 of the Bankruptcy Code

14. The Chapter 15 Debtors are not seeking provisional relief under Bankruptcy Code § 1519.

*[Remainder of Page Intentionally Left Blank.]*

---

[3] Although the Chapter 15 Debtors have made every effort to identify all litigation parties, it is possible that certain such parties and/or entities may have been omitted inadvertently from Exhibit A. Accordingly, the Chapter 15 Debtors reserve the right to supplement such lists in the event that additional parties and/or entities are identified.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is, to the best of my knowledge, information and belief, complete, true, and correct.

Executed on February 18, 2010
Montreal, Quebec, Canada

_____
Peter Ferrante
Foreign Representative
Vice President and CFO, Mega Brands, Inc.