# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 15 |
| MEGA BRANDS INC., *et al.*,[1] | ) Case No. 10-10485 (CSS) |
| Debtors in a Foreign Proceeding. | ) Jointly Administered. |

## SUPPLEMENTAL DECLARATION OF SANDRA ABITAN IN SUPPORT OF PETITION FOR RECOGNITION AND CHAPTER 15 RELIEF

I, Sandra Abitan, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America as follows:

1. I submit this Declaration in support of the Petition as a supplement to the declaration that I submitted to the Court on February 18, 2010, to add information in response to the United States Trustee's Limited Objection to Debtors' Petition for Recognition and Chapter 15 Relief.[2] All facts set forth in this Declaration are based on: (a) my personal knowledge; (b) my review of relevant documents; or (c) my opinion based upon my experience and knowledge of the Chapter 15 Debtors' operations. If I were called upon to testify, I could and would testify competently to the facts set forth herein.

2. Section 192(1)(f) of the CBCA gives the Canadian Court jurisdiction to approve an arrangement that involves "an exchange of securities of a corporation for property, money or

---

[1] The Chapter 15 Debtors, along with the last four digits of each U.S. Debtor's federal tax identification number, are: Mega Brands Inc. (a non-U.S. Debtor that does not maintain a U.S. federal tax identification number); 4402596 Canada Inc. (a non-U.S. Debtor that does not maintain a U.S. federal tax identification number); 4402804 Canada Inc. (a non-U.S. Debtor that does not maintain a U.S. federal tax identification number); MB Finance LLC (7565); MB US Inc. (7561); MB2 LP (7567); Mega Bloks Financial Services, Inc. (a non-U.S. Debtor that does not maintain a U.S. federal tax identification number); Mega Brands America, Inc. (2083); Rose Moon, Inc. (1445); and Warren Industries, Inc. (4985). The location of the Debtors' corporate headquarters and the service address for all of the Debtors is: 4505 Hickmore, St-Laurent, Québec, H4T 1K4.

[2] Unless otherwise defined in this Declaration, all capitalized terms used but not otherwise defined herein shall have the meanings set forth in the *Petition for Recognition and Chapter 15 Relief* (the "Petition").

K&E 16493350.2

other securities of the corporation or property, money or securities of another body corporate." Although § 192(1)(f) initially states that only a "corporation" incorporated or continued under the CBCA can be an Applicant in such an arrangement, it then also states that an arrangement can involve another "body corporate". Section 2 of the CBCA defines "body corporate" to include "a company or other body corporate wherever or however incorporated". Thus, §192(1)(f) empowers the Canadian Court to exercise jurisdiction and oversee an arrangement that involves non-CBCA entities as "Impleaded Parties."

3. In a recent court opinion, Gascon J.S.C. of the Quebec Superior Court explained his reasons for granting an interim CBCA order for the protection of both applicants and impleaded parties, explaining and determining that:

> [I]n light of the present situation, the Court agrees to grant an order preventing, temporarily, the Applicants' and Impleaded Parties' creditors from terminating, accelerating, amending, enforcing security held or declare in default any contract or other agreement.
>
> A similar conclusion applies to the stay order sought. The continued supply order should be dealt with in the same manner.
>
> These orders seem to be, ultimately, in the interests of all the stakeholders of Abitibi and the Impleaded Parties. They are aimed at avoiding a cascade of potential cross-defaults or a panic reaction of some because of the delicate situation the Applicants now face.
>
> These orders maintain a fair equilibrium between the stakeholders for a short but key period. They provide for a status quo that appears necessary for the proposed restructuring to be potentially successful.
>
> In this matter, although this Application is at the stage of the Interim Order, it is important to note that, allegedly, the continued existence of the Applicants and the Impleaded Third Parties may depend on the success of the proposed Arrangement.

2

K&E 16493350.2

*In the Matter of A Proposed Arrangement by 45133541 Canada Inc., 45133550 Canada Inc. and Abitibi-Consolidated Inc.*, Mar. 13, 2009, No. 500-11-035851-092 (Qc. Sup. Ct.) at ¶¶ 113-117, Gascon J.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this March 19, 2010
Montréal, Québec, Canada

*[signature]*

**OSLER, HOSKIN & HARCOURT LLP**
Sandra Abitan
1000 De La Gauchetière Street West
Suite 2100
Montréal, Québec, Canada  H3B 4W5
Telephone:    (514) 904-5648
Facsimile:    (514) 904-8101

Counsel for the CBCA Applicants and the Impleaded Parties