# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 15 |
| MEGA BRANDS INC., *et al.*,[1] | Case No. 10-10485 (CSS) |
| Debtors. | Jointly Administered. |
| | **Docket No. 4** |

## ORDER PURSUANT TO 11 U.S.C. §§ 1504, 1515, 1517, 1520, AND 1521 RECOGNIZING FOREIGN REPRESENTATIVE, FOREIGN MAIN PROCEEDING, AND FOREIGN NONMAIN PROCEEDING, AND ENFORCING THE ARRANGEMENT AND ARRANGEMENT ORDER

Upon the Petition for Recognition and Chapter 15 Relief (the "Petition")[2] seeking (a) recognition of the reorganization proceedings under Canadian law currently pending before the Superior Court, Commercial Division, for the Judicial District of Montréal, Canada (the "Canadian Proceeding," pending in the "Canadian Court"), as a "foreign main proceeding" with respect to the Canadian Chapter 15 Debtors pursuant to § § 1515 and 1517 of title 11 of the U.S. Code (the "Bankruptcy Code") and a "foreign nonmain proceeding" with respect to the U.S. Chapter 15 Debtors pursuant to Bankruptcy Code § § 1515 and 1517; (b) recognition of the Foreign Representative as the "foreign representative" as defined in Bankruptcy Code § 101(24) of the above-captioned debtors (collectively, the "Chapter 15 Debtors"); and (c) recognition of the Arrangement Order; and upon this Court's review and consideration of the Petition, the

---

[1] The Chapter 15 Debtors, along with the last four digits of each U.S. Debtor's federal tax identification number, are: Mega Brands Inc. (a non-U.S. Debtor that does not maintain a U.S. federal tax identification number); 4402596 Canada Inc. (a non-U.S. Debtor that does not maintain a U.S. federal tax identification number); 4402804 Canada Inc. (a non-U.S. Debtor that does not maintain a U.S. federal tax identification number); MB Finance LLC (7565); MB US Inc. (7561); MB2 LP (7567); Mega Bloks Financial Services, Inc. (a non-U.S. Debtor that does not maintain a U.S. federal tax identification number); Mega Brands America, Inc. (2083); Rose Moon, Inc. (1445); and Warren Industries, Inc. (4985). The location of the Debtors' corporate headquarters and the service address for all of the Debtors is: 4505 Hickmore, St-Laurent, Québec, H4T 1K4.

[2] Unless otherwise defined in this Order, all capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Petition.

Abitan Declaration and the Ferrante Declaration; this Court having jurisdiction to consider the Petition and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501; consideration of the Petition and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); venue being proper before this Court pursuant to 28 U.S.C. § 1410; appropriate, sufficient, and timely notice of the filing of the Petition having been given by Foreign Representative, pursuant to Rules 1011(b) and 2002(q) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); it appearing that the relief requested in the Petition is necessary and beneficial to the Chapter 15 Debtors; and no objections or other responses having been filed that have not been overruled, withdrawn, or otherwise resolved; and upon after due deliberation and sufficient cause appearing therefore, the Court finds and concludes as follows: [3]

a) The Chapter 15 Cases were properly commenced pursuant to Bankruptcy Code §§ 1504, 1509, and 1515.

b) The Canadian Proceeding is pending in Canada, where the Canadian Chapter 15 Debtors' "center of main interests," as referred to in Bankruptcy Code § 1517(b)(1), is located, and accordingly, the Canadian Proceeding is a "foreign main proceeding" with respect to the Canadian Chapter 15 Debtors pursuant to § 1502(4), and is entitled to recognition as a foreign main proceeding pursuant to § 1517(b)(1).

c) The U.S. Chapter 15 Debtors carry out nontransitory operational, managerial, and financial activities in Canada, thereby constituting an "establishment" in Canada as referred to in Bankruptcy Code § 1517(b)(2), and accordingly, the Canadian Proceeding is a "foreign nonmain

---

[3] The findings and conclusions set forth herein and in the record of the hearing on the Petition constitute this Court's findings of facts and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

2

proceeding" pursuant to § 1502(5) with respect to the U.S. Chapter 15 Debtors, and is entitled to recognition as a foreign nonmain proceeding pursuant to § 1517(b)(2).

d) The Foreign Representative is a "person" pursuant to Bankruptcy Code § 101(41) and is the "foreign representative" of the Chapter 15 Debtors as such term is defined in § 101(24), and the Foreign Representative has satisfied the requirements of § 1515 and Bankruptcy Rule 1007(a)(4).

e) The Foreign Representative is the duly appointed foreign representative of the Chapter 15 Debtors within the meaning of Bankruptcy Code § 101(24).

f) The Foreign Representative is entitled to all the relief provided pursuant to Bankruptcy Code §§ 1520 and 1521(a)(4) and (5) without limitation, because those protections are necessary to effectuate the purposes of chapter 15 and to protect the assets of the Chapter 15 Debtors and the interests of the Chapter 15 Debtors' creditors.

g) The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the U.S., warranted pursuant to Bankruptcy Code § 1521, and will not cause any hardship to any parties in interest that is not outweighed by the benefits of granting that relief.

BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT

1. The Petition is granted.

2. The Canadian Proceeding is recognized as a foreign main proceeding pursuant to § 1517(a) and 1517(b)(1) with respect to the Canadian Chapter 15 Debtors, and all the effects of recognition as set forth herein shall apply.

K&E 16513504.2

3. The Canadian Proceeding is recognized as a foreign nonmain proceeding pursuant to § 1517(a) and 1517(b)(2) with respect to the U.S. Chapter 15 Debtors, and all the effects of recognition as set forth herein shall apply.

4. Upon entry of this Order, pursuant to § 1520, the Canadian Proceeding shall be given its full force and effect and, among other things:

    A. the provisions of the plan of arrangement, including the mutual releases and discharges as contemplated in the plan of arrangement, shall be binding and given full force and effect in the manner and at the times specified therein.

    B. the Chapter 15 Debtors are authorized to take actions in the U.S. necessary or appropriate to implement the Arrangement and the transactions contemplated thereby in accordance with and subject to the terms of the Arrangement (including entering into any agreements or other documents which are to come into effect in connection with the Arrangement).

    C. until the earlier of the plan of arrangement and the Arrangement having been fully implemented, and May 15, 2010, at 11:59 p.m. (eastern time), or such later date as the Canadian Court or this Court may order, no right, legal or conventional, may be exercised and no proceeding, at law or under a contract, by reason of or as a result of the Chapter 15 Debtors having made an application to the Canadian Court pursuant to Section 192 of the CBCA, the Chapter 15 Debtors being a party to, or having filed, the Canadian Proceeding or any ancillary proceedings (including these Chapter 15 Cases), the Recapitalization Transaction or the Arrangement or any of the steps, transactions or proceedings contemplated thereby or relating thereto, however and wherever taken, may be commenced or proceeded with by any person against or in respect of any of the Chapter 15 Debtors, or any of the present or future property, assets, rights and undertakings of the Chapter 15 Debtors, of any nature and in any location, whether held directly or indirectly by the Chapter 15 Debtors, in any capacity whatsoever, or held by others for the Chapter 15 Debtors, provided that nothing in the Canadian Proceeding shall have the effect of (i) staying the right of any person to obtain the distributions payable to it under the plan of arrangement in the manner contemplated in the Canadian Proceeding or (ii) preventing the exercise of any contractual or other rights not otherwise stayed in the Canadian Proceeding.

5. The Foreign Representative and the Chapter 15 Debtors shall be entitled to the full protections and rights enumerated under § 1521(a)(4) and (5), and accordingly, the Foreign Representative:

4

K&E 16513504.2

A. is entrusted with the administration or realization of all or part of the Chapter 15 Debtors' assets located in the United States; and

B. has the right and power to examine witnesses, take evidence or deliver information concerning the Chapter 15 Debtors' assets, affairs, rights, obligations, or liabilities.

6. The Foreign Representative is hereby established as the representative of the Chapter 15 Debtors.

7. The banks and financial institutions with which the Chapter 15 Debtors maintain bank accounts or on which checks are drawn or electronic payment requests made in payment of prepetition or postpetition obligations are authorized and directed to continue to service and administer the Chapter 15 Debtors' bank accounts without interruption and in the ordinary course and to receive, process, honor, and pay any and all such checks, drafts, wires, and automatic clearing house transfers issued, whether before or after the Petition Date and drawn on the Chapter 15 Debtors' bank accounts by respective holders and makers thereof and at the direction of the Foreign Representative or the Chapter 15 Debtors, as the case may be.

8. The Arrangement, all transactions or actions in connection therewith, and all orders entered by the Canadian Court in the Canadian Proceeding, including without limitation the interim order under subsection 192(4) of the CBCA (for the calling, holding, and conduct of the Canadian shareholders' meeting and certain ancillary relief, including a stay of proceedings with respect to the CBCA applicants) and the Arrangement Order under subsection 192(4) of the CBCA approving the plan of arrangement (a copy of which is attached to this Order as **Exhibit A**), shall be given full faith and credit in the United States pursuant to Bankruptcy Code § 1521(a), and shall be upon their entry in the Canadian Proceeding immediately valid and fully enforceable as to the Chapter 15 Debtors and their property and assets in the United States.

5

K&E 16513504.2

9. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10. Notice of this Order and the Petition shall be given in accordance with the procedures further prescribed by the Court and served on: (a) the Office of the United States Trustee; (b) the Securities and Exchange Commission; (c) all parties to litigation currently pending in the United States in which the Debtor is a party; and (d) the agent under the Credit Facility.

11. Service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes. The Foreign Representative, the Chapter 15 Debtors, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

12. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this order shall be effective immediately and enforceable upon its entry; (b) the Foreign Representative is not subject to any stay of the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Foreign Representative is authorized and empowered, and may in its discretion without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

K&E 16513504.2

13. This Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through the Chapter 15 Cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

Date: March 23, 2010

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

K&E 16513504.2