# Exhibit A

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| MEGA BRANDS INC., | ) | Case No. 10-10485 (LSS) |
| Debtor in a Foreign Proceeding. | ) | |
| In re: | ) | Chapter 15 |
| 4402596 CANADA INC., | ) | Case No. 10-10486 (LSS) |
| Debtor in a Foreign Proceeding. | ) | |
| In re: | ) | Chapter 15 |
| 4402804 CANADA INC., | ) | Case No. 10-10487 (LSS) |
| Debtor in a Foreign Proceeding. | ) | |
| In re: | ) | Chapter 15 |
| MB FINANCE LLC, | ) | Case No. 10-10488 (LSS) |
| Debtor in a Foreign Proceeding. | ) | |
| In re: | ) | Chapter 15 |
| MB US INC., | ) | Case No. 10-10489 (LSS) |
| Debtor in a Foreign Proceeding. | ) | |
| In re: | ) | Chapter 15 |
| MB2 LP, | ) | Case No. 10-10490 (LSS) |
| Debtor in a Foreign Proceeding. | ) | |

| | | |
|---|---|---|
| In re: | ) ) | Chapter 15 |
| MEGA BLOKS FINANCIAL SERVICES, INC., | ) ) ) | Case No. 10-10491 (LSS) |
| Debtor in a Foreign Proceeding. | ) ) ) | |
| In re: | ) ) | Chapter 15 |
| MEGA BRANDS AMERICA, INC., | ) ) ) | Case No. 10-10492 (LSS) |
| Debtor in a Foreign Proceeding. | ) ) ) | |
| In re: | ) ) | Chapter 15 |
| ROSE MOON, INC., | ) ) ) | Case No. 10-10493 (LSS) |
| Debtor in a Foreign Proceeding. | ) ) ) | |
| In re: | ) ) | Chapter 15 |
| WARREN INDUSTRIES, INC., | ) ) ) | Case No. 10-10494 (LSS) |
| Debtor in a Foreign Proceeding. | ) ) | **Re: Docket No. ___** |

**ORDER CLOSING CHAPTER 15 CASE**

Upon the final report and motion (the "Motion")[1] of Peter Ferrante as the authorized foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors"), seeking entry of an order closing the above-captioned chapter 15 cases pursuant to sections 105, 350(a), 1517(d), and 1518(1) of the Bankruptcy Code, Bankruptcy Rule 5009, and Local Rule 5009-2; and the Foreign Representative having included a final report with the Motion and given notice of its filing to those parties required by Bankruptcy Rule 5009(c) and Local Rule 5009-2(b); and upon consideration of the Motion and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

all pleadings related thereto; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and that this Court may enter a final order consistent with Article III of the United States Constitution; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1410(1) and (3); and adequate and sufficient notice of the Motion having been given by the Foreign Representative; and upon consideration of the record and all proceedings had before the Court; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and that no objections or other responses were filed; and after due deliberation and sufficient cause appearing therefore, IT IS HEREBY ORDERED THAT:

1. The following cases (the "Chapter 15 Cases") are hereby closed pursuant to sections 350 and 1517(d) of the Bankruptcy Code: *In re Mega Brands, Inc.*, Case No. 10-10485 (LSS); *In re 4402596 Canada Inc.*, Case No. 10-10486 (LSS); *In re 4402804 Canada Inc.*, Case No. 10-10487 (LSS); *In re MB Finance LLC*, Case No. 10-10488 (LSS); *In re MB US Inc.*, Case No. 10-10489 (LSS); *In re MB2 LP*, Case No. 10-10490 (LSS); *In re Mega Bloks Financial Services, Inc.*, Case No. 10-10491 (LSS); *In re Mega Brands America, Inc.*, Case No. 10-10492 (LSS); *In re Rose Moon, Inc.*, Case No. 10-10493 (LSS); and *In re Warren Industries, Inc.*, Case No. 10-10494 (LSS).

2. A docket entry shall be made in each of the Chapter 15 Cases reflecting the entry of this Order.

3. This Order is entered without prejudice to the rights of the Foreign Representative or any of the Debtors to seek to reopen its respective Chapter 15 Case for cause pursuant to section 350(b) of the Bankruptcy Code.

4. Any orders heretofore entered by this Court in the Chapter 15 Cases shall survive entry of this Order.

5. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.